UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:11-cr-0003-01 |
| | ) | |
| ROBBIE SCOTT VARESE, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on August 30, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on August 23, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

All proceedings were held on September 16, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Varese appeared in person and his appointed counsel, Bill Marsh, the Indiana Federal Community Defender. The government appeared by William McCoskey, Assistant United States Attorney. U. S. Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation Officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Bill Marsh, the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Varese in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Varese and his counsel who informed the Court they had read and understood the specifications of violations charged herein and waived further reading thereof.

3. That Mr. Varese as advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Varese would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Varese had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Varese had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation entered on August 30, 2011.

7. Mr. Varese executed a written waiver of the preliminary examination, which was accepted by the Court.

8. Mr. Marsh stated that Mr. Varese would stipulate that there a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

9. Mr. Varese, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | As previously reported to the Court, on December 6, 2010, and May 29, 2011, the offender submitted urine screens which tested positive for methamphetamine. In addition, on June 13, July 25, July 31, and August 6, 2011, the offender submitted urine samples which tested positive for methamphetamine. He admitted using the substance. |
| 4 | **"The defendant shall participate in a drug aftercare treatment program under a co-payment plan which may include testing for the detection of drugs of abuse at the direction and discretion of the probation officer."** |
| | As previously reported to the Court, on May 7 and 16, 2011, the offender failed to report for random urine testing. |
| 5 | **"The defendant shall reside for a period of up to 120 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |

The offender violated the rules of the RRC by testing positive for methamphetamine on July 25, July 31, and August 6, 2011.

The Court placed Mr. Varese under oath and directly inquired of him whether he admitted violations of the specifications of his supervised release set forth above. Mr. Varese stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties stipulated the following:

1) Mr. Varese has a relevant criminal history category of I. *See,* U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Varese constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Varese is 4 to 10 months.

4) The parties agreed on the appropriate disposition of the case as follows:

The defendant be sentenced to a period of confinement of three months to the custody of the Attorney General, with two years of supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations and evidence submitted by the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release. The defendant's supervised release is therefore **REVOKED** and Robbie Scott Varese is sentenced to the custody of the Attorney General or his designee for a period of three months. After service of his sentence, the defendant shall be subject to two years of supervised release under the same conditions imposed at sentencing.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Varese stipulated in open Court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Varese entered into the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to 18 U.S.C. §3561 *et seq.* And Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Varese's supervised release and the sentence imposed of imprisonment of three months in the custody of the Attorney General or his designee. Upon release from incarceration, the defendant will be subject to two years of supervised release under the same conditions imposed at sentencing.

**IT IS SO RECOMMENDED** this 27th day of September, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

William McCoskey
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Bill Marsh,
The Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service