UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:11-cr-0003-01 (SEB/KPF) |
| | ) | |
| ROBBIE SCOTT VARESE, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered

by the Honorable Sarah Evans Barker, Judge, on March 6, 2012,  designating this Magistrate Judge

to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed

with the Court on February 27, 2012, and to submit to Judge Barker proposed Findings of Facts and

Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).  All proceedings in

this matter were held on March 22, 2012,  pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1)

of the *Federal Rules of Criminal Procedure*.[1]   The government appeared by William McCoskey,

Assistant United States Attorney; the defendant appeared in person with his appointed counsel,

William Marsh,  the Indiana Federal Community Defender; and Jason Phillips, U. S. Parole and

Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise
noted.  *See*, Title 18, United States Code, Section 3401(e).

On March 22, 2012, the Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Marsh, the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Varese in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Varese and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Varese was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Varese would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Varese had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Varese had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation on March 6, 2012.

7. Mr. Varese stated his readiness to waive the preliminary hearing. Mr. Varese then orally waived the preliminary hearing and he was held to answer.

8. Mr. Varese, by counsel, stipulated that he committed violations of specifications set forth in the Petition for Warrant or Summons for an Offender Under Supervision. The violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | On February 8, 2012, the offender submitted a urine screen which tested positive for methamphetamine. He admitted using the substance. Mr. Varese also failed to appear for random urine testing on February 6, 2012. |

The Court placed Mr. Varese under oath and directly inquired of him whether he admitted specifications of violations of his supervised release set forth above. Mr. Varese stated that he admitted the above violations as set forth. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

1) Mr. Varese has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Varese constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Varese is 4-10 months.

4)    The parties agree that the appropriate disposition for Mr. Varese's violation of the conditions of supervised release is to modify his supervised release as follows:

    *i.*    Mr. Varese's supervised release conditions be modified to include him residing at a community corrections center, namely, the Volunteers of America, Indianapolis, Indiana for a period of up to six months, at the discretion of the U. S. Parole and Probation Office.

    *ii.*   Upon completion of his residency at the VOA, Mr. Varese will continue on supervised release, under the same conditions imposed at sentencing.

The Magistrate Judge informed the defendant and the parties' respective counsel that he would accept the parties' stipulations.

The Court placed Mr. Varese under oath and directly inquired of him whether he admitted the specifications of violations of his supervised release set forth above. Mr. Varese stated that he admitted the above violations as set forth.

The Court, having heard the admissions of the defendants, the stipulations of the parties, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release. The defendant's supervised release is therefore **MODIFIED** as stated above. The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a modified judgment and commitment order, in accordance with these findings, conclusions of law and recommendation.

Counsel for the parties and Mr. Varese stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil*

*Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure.* You shall have within fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE**, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying Mr. Varese's supervised release as set forth above.

IT IS SO RECOMMENDED this 26th day of March, 2012.


_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

William McCoskey, Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Marsh,
The Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal