UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:11-cr-0003 (SEB/KPF) |
| ) | |
| ROBBIE SCOTT VARESE, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on April 30, 2012, designating a Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on April 26, 3012, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

All proceedings were held May 24, 2012 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Varese appeared in person with his appointed counsel, Mike Donahoe. The government appeared by Barry Glickman, Assistant United States Attorney. U. S. Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.(a)(a)(1), *Federal Rules of Criminal Procedure*, and Title 18, U.S.C. §3583:

1. That Mike Donahoe, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Varese in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Varese and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

2. Mr. Varese was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

3. Mr. Varese was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

4. Mr. Varese was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

5. That if the preliminary hearing resulted in a finding of probable cause that Mr. Varese had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation.

6. Mr. Donahoe stated that Mr. Varese would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release, as set forth in the Petition.

7. Mr. Varese, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

        As previously reported to the Court, on February 8, 2012, the offender submitted a urine screen which tested positive for methamphetamine. He admitted using the substance. Mr. Varese also failed to appear for random urine testing on February 6, 2012.

        On March 22, 2012, Mr. Varese tested positive for methamphetamine. He failed to report for random urine testing on March 24, April 12, 13, 15, and 19, 2012. According to his substance abuse counselor at the Indiana University Health Chemical Addictions Program, Mr. Varese tested positive for methamphetamine on April 3 and 16, 2012, and has only attended five of his 10 required treatment sessions.

The Court placed Mr. Varese under oath and directly inquired of Mr. Varese whether he admitted the violations of the specifications of his supervised release set forth above. Mr. Varese stated that he admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

    1)    Mr. Varese has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Varese constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) The parties agreed, pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Varese is 4-10 months.

4) The parties agreed that the Court's disposition would be six months in the custody of the Attorney General or his designee, with no supervised release to follow. The defendant's position was that the defendant should be allowed to report to the place of imprisonment designated by the Bureau of Prisons, while the government asserted it should be the Court's decision.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Robbie Scott Varese, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and Robbie Scott Varese is sentenced to the custody of the Attorney General or his designee for a period of six months, with no supervised release to follow. The defendant is allowed to surrender for service of his sentence upon designation. The Magistrate Judge recommends that defendant be allowed to surrender to the place of incarceration designated because he is suffering from cellulitis which is mainly in his left leg while, at the same time, he is taking medication for being HIV positive. The Magistrate Judge also recommends that the District Judge not accept his recommendation for twenty-one days. Until the time of his surrender to custody, defendant will remain under the same conditions of supervised release previously imposed.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Varese stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Varese entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Varese's supervised release and imposing a sentence of imprisonment of 6 months in the custody of the Attorney General. Upon Mr. Varese's release from confinement, he will not be subject to a term of supervised release.

IT IS SO RECOMMENDED this 30th day of May, 2012.

Kennard P. Foster, Magistrate Judge
United States District Court


Distribution:

Barry Glickman,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal